**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PIONEER PRODUCTION SERVICES, INC.** | * | **CIVIL ACTION NO. 26-1024** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **EXTEX OPERATING COMPANY, ET AL.** | * | **MAGISTRATE JUDGE EVA J. DOSSIER** |

\*   \*   \*   \*   \*   \*   \*   \*

## ORDER & REASONS

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants ExTex Operating Company ("ExTex"), Wallis Marsh ("Marsh"), and Kevin Regan ("Regan") (collectively, "Defendants"). R. Doc. 6. Plaintiff Pioneer Production Services, Inc., opposes the Motion. R. Doc. 8. After considering the record, briefing, and applicable law, the Court rules as follows.

### I.   BACKGROUND

Plaintiff Pioneer Production Services, Inc., a Louisiana corporation, and Defendant ExTex Operating Company ("ExTex"), a Texas corporation, entered an agreement whereby Plaintiff provided personnel and related services to ExTex in connection with oil and gas operations. R. Doc. 1 at 2. Plaintiff rendered these services from December 2023 to June 2025. *Id.* at 3. Plaintiff alleges it issued a series of invoices during this time that ExTex failed to pay. *Id.* at 3–5.

Plaintiff avers that, on or around January 9, 2025, Marsh, ExTex's CEO and sole shareholder, and Regan, ExTex's CFO, represented that ExTex would begin making monthly partial payments until the outstanding balance was paid. *Id.* at 6. ExTex made several partial payments thereafter, but discontinued payment at the end of March 2025. *Id.* Plaintiff maintains that Defendants had no intention of paying the balance owed in full, and that Marsh and Regan

1

made false promises to prevent Plaintiff from withdrawing its personnel. *Id.* Plaintiff claims the remaining balance owed is $359,784.34. *Id.* at 4.

In September 2025, Plaintiff sent a written demand letter to ExTex pursuant to Louisiana's Open Account Statute. *Id.* at 4. Plaintiff then instigated this action. Plaintiff asserts several causes of action: (1) recovery pursuant to the Open Account Statute (counts 1–2); (2) breach of verbal contract (count 3); (3) corporate veil piercing predicated on the alter ego theory (count 4) and fraud (count 5); and (4) fraud (counts 6–7). *Id.* at 7–11. Plaintiff seeks the unpaid balance of $359,784.34, interest, costs, and attorney's fees. *Id.* at 7–8.

## II.    PRESENT MOTION

Defendants ask the Court to dismiss Plaintiff's fraud, veil piercing, and breach of contract claims. First, Defendants contend that Plaintiff fails to state a fraud claim against Marsh and Regan individually or against Marsh for purposes of corporate veil piercing. R. Doc. 6-1 at 5–6. Defendants point to fraud's heightened pleading standard and maintain that the Complaint fails to adequately allege the "who, what, when, where, how" of fraud. *Id.* at 6. Defendants continue that there is "no specific averment regarding intent," *id.*, and the Complaint insufficiently alleges reliance because it does not state how Plaintiff relied on Defendants' representations. *Id.* at 7. Second, Defendants argue that the Complaint's allegations are insufficient to overcome the "heavy burden" of corporate veil piercing. *Id.* at 8–9. Third, Defendants maintain that Plaintiff fails to state a claim for breach of contract because the Complaint does not state the terms of the alleged contract nor who, aside from Marsh and Regan, was involved in its making. *Id.* at 10.

Plaintiff opposes the Motion. R. Doc. 8. First, Plaintiff argues that it has satisfied Rule 9(b)'s pleading requirements for fraud. *Id.* at 5. The Complaint sets forth the individuals involved, the timeframe, and the substance of the fraudulent communications. *Id.* at 6. Plaintiff points out

that, under Rule 9(b), intent may be alleged generally, and the Complaint clearly alleges that Marsh and Regan knowingly made false representations with the intent to deceive Plaintiff. *Id.* at 6–7. Second, Plaintiff argues that the Complaint plausibly alleges corporate veil piercing, and points to the allegations contained therein that Marsh commingling funds, diverted corporate assets for personal use, failed to observe corporate formalities, etc. *Id.* at 7. Third, Plaintiff maintains that it has adequately alleged breach of contract: the Complaint alleges that Extex retained Plaintiff to perform services, Plaintiff performed those services, Plaintiff submitted invoices for those services, and Extex failed to pay. *Id.* at 4. Plaintiff argues that these allegations plausibly establish capacity to contract, mutual consent, lawful object, and cause, as required by Louisiana law. *Id.* Lastly, Plaintiff asks for leave to amend as an alternative to dismissal. *Id.* at 8.

Defendants filed a reply. R. Doc. 10. Concerning fraud, Defendants cite *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008), for the proposition that Rule 9(b) must be interpreted "strictly," and reiterate that the Complaint fails adequately allege the "what, who, and where" of fraud. *Id.* at 3. On veil piercing, Defendants maintain that the Complaint lacks factual support, and its averments are nothing more than "a recitation of the factors a court weighs when evaluating whether to pierce the corporate veil." *Id.* at 5. Finally, concerning breach of contract, Defendants argue that Plaintiff conceded this claim was insufficiently pled when its opposition stated that "the existence of an enforceable verbal agreement may reasonably be *inferred*." *Id.* at 2.

### III.    APPLICABLE LAW

Fed. R. Civ. P. 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

Fraud must be plead with "particularity." Fed. R. Civ. P. 9(b). Generally, this requires a complaint to contain the "who, what, when, where, and how of the alleged fraud." *Allstate Indem. Co. v. Bhagat*, 164 F.4th 426, 434 (5th Cir. 2026). The pleading standard is, however, relaxed for fraud's intent element, which may be "averred generally," Fed. R. Civ. P. 9(b), either through facts demonstrating the defendant's motive or "circumstances that indicate conscious behavior on the part of the defendant." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).

If a complaint fails to state a plausible claim, a district court should generally grant leave to amend under Fed. R. Civ. P. 15 before dismissing the action. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15] evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment . . ."). A court may deny leave, however, when amendment would be futile. *Villarreal v. Wells Fargo Bank*, *N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (explaining that amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted").

### IV.    ANALYSIS

As an initial matter, both parties' arguments on the breach of contract and corporate veil piercing claims are based on Louisiana law. R. Doc. 8 at 3–5, 7; R. Doc. 6-1 at 7–10. For this reason, the Court will apply Louisiana law to these claims.

After reviewing Plaintiff's Complaint and the parties' briefing, the Court concludes that Plaintiff has adequately alleged veil piercing based on the alter ego theory and breach of contract. The Court further concludes that Plaintiff's fraud claims are presently insufficient because the Complaint does not indicate *where* the alleged fraud occurred. The Court grants Plaintiff leave to amend to rectify this deficiency.

### A.  Counts 5–7: Fraud

The Complaint does not adequately allege fraud against Marsh and Regan individually (counts 6–7) or against Marsh for purposes of corporate veil piercing (count 5). Fraud under Louisiana law requires three elements: (1) "a misrepresentation, suppression, or omission of true information;" (2) "the intent to obtain an unjust advantage or to cause damage or inconvenience to another;" and (3) "the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract." *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 692 (5th Cir. 2020).

The Complaint sufficiently sets forth the intent and reliance elements. Intent can be "generally averred," Fed. R. Civ. P. 9(b), and requires some showing of motive or circumstances indicating conscious behavior on the part of the defendant. *Tuchman*, 14 F.3d at 1068. Motive is present here. The Complaint avers that "Marsh and Regan made [] fraudulent representations to prevent Plaintiff from withdrawing its personnel." R. Doc. 1 at 6. The facts laid out in the Complaint support this allegation. Plaintiff provided personnel services for approximately a year

and a half. *Id.* at 3. Extex repeatedly failed to pay for those services. *Id.* at 4. Given this pattern of nonpayment, it is reasonable to infer that Plaintiff was prepared to withdraw its services, Marsh and Regan recognized this risk, and they therefore had a motive to promise payment to avert it. Reliance is similarly established. The Court can reasonably infer that after a year and a half without payment, Plaintiff would not have continued providing personnel absent Defendant's assurances that payment was forthcoming.

The sole deficiency pertains to the misrepresentation element. The Fifth Circuit has traditionally required the pleading to set forth the "who, what, when, where, and how" of fraud. *Allstate Indem. Co.*, 164 F.4th at 434. The Complaint clearly satisfies the who, when, what, and how requirements: Marsh and Regan made the subject communication, on or around January 9, 2025, when they falsely represented to Plaintiff that ExTex would pay the sum owed. R. Doc. 1 at 6. The Complaint does not state *where* these representations occurred. Because of this omission, the claims predicated on fraud (counts five through seven) are presently insufficient.

There is nothing to indicate that this deficiency is incurable. Accordingly, the Court will grant leave to amend to allow Plaintiff to clarify where these alleged communications took place.

### B. Count 4: Alter Ego Corporate Veil Piercing

Plaintiff has sufficiently pled veil piercing based on the alter ego theory. Plaintiff seeks to pierce the corporate veil and hold Marsh personally liable for ExTex's debts. There are two avenues for veil piercing in Louisiana. *Liberto v. Villard*, 386 So.2d 930, 936 (La. App. 3d Cir. 1980). First, a party can pierce the corporate veil when "a shareholder practices fraud upon a third person through the corporation." *Id.* The Court has already addressed Plaintiff's veil piercing claim predicated on fraud.

Second, a plaintiff can pierce the corporate veil through what is known as the alter ego theory. Alter ego veil piercing arises when a shareholder "disregards the corporate entity to such an extent that the individualities of the corporation and shareholder cease to exist" and the shareholder is held personally liable. *Liberto v. Villard*, 386 So.2d 930, 936 (La. App. 3d 1980). Veil piercing constitutes an extraordinary remedy subject to a heavy burden of proof. *Fina Oil & Chem. Co. v. Amoco Prod. Co.*, 95-1877 (La. App. 1 Cir. 5/10/96), 673 So. 2d 668, 674, *writ denied*, 96-1446 (La. 9/27/96), 679 So. 2d 1353. "The circumstances must be so strong as to clearly indicate that corporation and shareholder operated as one." *Id.* Whether this standard is satisfied is determined by the totality of circumstances. *Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164, 1169 (La. 1991). The Louisiana Supreme Court has identified five non-exhaustive factors relevant to this analysis: "(1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and 5) failure to hold regular shareholder and director meetings." *Id.* at 1168. An individual's status as the corporation's single shareholder is a relevant consideration, *see Hill Int'l, Inc. v. JTS Realty Corp.*, 2021-0157 (La. App. 1 Cir. 10/20/22), 370 So.3d 16, 34; *Lindstrom v. Sauer*, 166 So. 636, 638 (La. Ct. App. 1936), although insufficient on its own. *Charming Charlie, Inc. v. Perkins Rowe Assoc., L.L.C.*, 11–2254, pp. 7–8 (La. App. 1 Cir. 7/10/12), 97 So.3d 595, 599.

The Complaint avers that Marsh negligently or intentionally undercapitalized ExTex, R. Doc. 1 at 6, commingled funds, *id.*, diverted assets for personal use, *id.,* and failed to observe corporate formalities, *id.* The Complaint further alleges that Marsh is the sole shareholder of ExTex. *Id.* at 3. At this stage, the Court must accept these allegations as true. *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014) ("In ruling on a motion to dismiss . . . courts must take all of the factual

allegations in the complaint as true.").[1] Provided the Complaint touches on nearly every relevant factor identified by Louisiana courts, Plaintiff plausibly satisfies the heavy burden of veil piercing. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 503 (5th Cir. 2014), *abrogated by Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023) (noting the role of the court on a Rule 12(b)(6) motion is to "determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success"). Undoubtedly, parties will raise this issue again in future motion practice, and the Court can reconsider this issue after adequate time for discovery. However, at the Rule 12(b)(6) stage, the Court concludes this claim is sufficient.

### C.  Count 3: Breach of Contract

Plaintiff has adequately pled breach of contract. Under Louisiana law, the essential elements of a valid contract are (1) capacity to contract; (2) mutual consent; (3) a certain object; and (4) a lawful purpose. *Provenza v. Cent. & Sw. Servs., Inc.*, 34,162 (La. App. 2 Cir. 12/15/00), 775 So. 2d 84, 89. A breach of contract claim requires a valid contract, a breach, and resulting damages. *1100 S. Jefferson Davis Parkway, LLC v. Williams*, 2014-1326, p. 5 (La. App. 4 Cir. 5/20/15), 165 So.3d 1211, 1216. Defendants maintain the Complaint is insufficient because it does not state the terms of the alleged contract or who, on Plaintiff's side, was involved in its making.

The Court disagrees. The Complaint alleges that Plaintiff provided personnel services to ExTex in connection with oil and gas operations, there was an expectation of payment in return

---

[1] Defendants suggest that the Court cannot accept these allegations as well-pled facts because they are merely a recitation of the recognized veil-piercing factors. R. Doc. 10 at 5. Defendants raise this argument for the first time in their reply and cite no authority as support. Contrary to Defendant's position, district courts in this circuit have found veil piercing claims plausible based on allegations mirroring recognized legal factors. *Lentz v. Trinchard*, 730 F. Supp. 2d 567, 583 (E.D. La. 2010) (plaintiff sufficiently alleged alter ego veil piercing based on allegations that defendant's "failed to follow corporate formalities," "commingled funds," "undercapitalized" the corporation, and "failed to provide separate bank accounts"); *Dykes v. Maverick Motion Picture Grp., L.L.C.*, No. CV 08-536-JJB-DLD, 2010 WL 11538359, at *4 (M.D. La. Sept. 8, 2010) (plaintiff plausibly alleged corporate veil piercing under Louisiana law based on undercapitalization, the commingling of funds, and failure to follow corporate formalities, among other allegations).

for these services, and that ExTex failed to pay, owing $359,784.34. *Id.* at 4. The Court can reasonably infer every breach of contract element: capacity to contact, mutual consent, a certain object, a lawful purpose, breach, and damages.[2] Additional details—such as who represented Plaintiff in making the contract—are unnecessary to make this claim plausible on its face. *Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations.") (internal quotation marks omitted).

### V.   CONCLUSION

Considering the foregoing;

**IT IS ORDERED** that Defendants' Motion to Dismiss, R. Doc. 6, is **DENIED**.

**IT IS FURTHER ORDERED** that, no later than August 27, 2026, Plaintiff amend its Complaint to clarify where the alleged fraudulent communications occurred.

New Orleans, Louisiana, this 5th day of August, 2026.

THE HONORABLE ELDON E. FALLON

---

[2]    Contrary to Defendants' suggestion, R. Doc. 10 at 2, it is well established that a claim can survive a Rule 12(b)(6) motion even if it hinges on reasonable inferences. *See Iqbal*, 556 U.S. at 678.